Dear Mr. Jackson:
This letter is in response to your questions asking:
 1. May the Board of Trustees acting through the County Court of a third class county lease property to a Not-for-Profit corporation for the construction and operation of a medical clinic and if so, for what period of time may the lease be?
 2. May the Board of Trustees of a County Hospital of a third class county acting through the County Court construct a medical clinic and lease the same to a Not-for-Profit professional corporation of doctors and if so, for what period of time?
 3. May the Board of Trustees of a County Hospital of a third class county acting through the County Court sell excess land on which said hospital is located to a Not-for-Profit professional medical corporation for the construction of a medical clinic?
 4. If the answer to any of the foregoing questions are yes, may said lease or deed contain restrictions limiting the use of such property as a medical clinic for doctor offices and prohibit the duplication of services performed at said hospital?
You also state:
 Cedar County Memorial Hospital is a county hospital located in El Dorado Springs, Cedar County, Missouri. Cedar County is a third class county.
 Osage Prairie Rural Health Corporation is a Not-for-Profit Corporation, funded by a Rural Health Initiative grant from the Public Health Service.
 All physicians located in El Dorado Springs, Missouri are presently associated with Osage Prairie Rural Health Corporation as employees of said corporation. The physician employees of Osage Prairie Rural Health Corporation presently operate out of different locations, and Osage Prairie Rural Health Corporation is presently considering the construction of a modern medical clinic to consolidate the offices of all physicians and dentists employed thereby.
 It is hoped that the construction of a new medical clinic by Osage Prairie Rural Health Corporation would attract and expand the number of doctors practicing medicine in El Dorado Springs, Missouri, and as a result thereof, would be a direct benefit to Cedar County Memorial Hospital in increasing the patient load of said hospital.
 The Board of Trustees of Cedar County Memorial Hospital feel that several direct benefits would occur to Cedar County Memorial Hospital by the construction of a medical clinic on land adjacent to Cedar County Memorial Hospital and now owned by the County Court of Cedar County, Missouri, e.g.,
 1) The increase of the number of physicians and dentists on the staff of Cedar County Memorial Hospital and increased usage of the facilities of Cedar County Memorial Hospital;
 2) The proximity of offices of medical doctors making the same more readily available at Cedar County Memorial Hospital in cases of emergencies;
 3) The attraction of additional qualified physicians to the staff of Cedar County Memorial Hospital and reductions of costs to patients and increased services thereby.
Your first question asks whether the Board of Trustees acting through the county court of a third class county may lease property to a not-for-profit corporation for the construction and operation of a medical clinic and if so, the period of time for which the lease may be made.
In Att'y Gen. Op. No. 224, Graham, August 20, 1968, we concluded that the county court and the hospital board of trustees are not authorized to purchase land adjacent to a hospital site and lease the land at a nominal cost to a private not-for-profit corporation for the purpose of building a medical facility to provide office space for physicians with the physicians paying a nominal rent to the county for the use of such office space or to lease the land to a group of two or more physicians for a nominal rental for the purpose of the physicians building a facility to provide office space for physicians. In Att'y Gen. Op. No. 169, Maddox, October 18, 1978, we concluded that the provisions of § 205.161, RSMo, authorizing the use of revenue bonds for the construction of hospital "related" facilities does not authorize the construction of a building to be rented to physicians and dentists for their professional use. In Att'y Gen. Op. No. 157, Sprick, August 9, 1979, we concluded that the hospital board of trustees has no authority to purchase a building with hospital funds and to lease it to a doctors group since such authority was neither expressly granted nor necessarily implied from those powers granted. In Att'y Gen. Op. No. 80, Sprick, March 25, 1980, we concluded that the county hospital board of trustees did not have the authority to enter into an agreement with the University of Missouri School of Medicine under which the board of trustees would purchase a medical clinic building for the purpose of its being operated by the University of Missouri School of Medicine. In Att'y Gen. Op. No. 1, Adams, February 28, 1946, we concluded that the county court has power to sell county land, in that case former county hospital land. In Att'y Gen. Op. No. 92, Volkmer, July 28, 1961, we concluded that the county court may lease out real property of the county for short periods but may not enter into a lease for a term of 99 or 20 years. Likewise, in Att'y Gen. Op. No. 5, Wessel, January 12, 1970, we concluded that the county court may lease county property for short terms to individuals when the county has no immediate need of the facility for county purposes. We enclose copies of these opinions.
In 1975 the legislature enacted what is now § 205.374, RSMo, which provides the procedure by which the hospital board of trustees may "sell the county hospital property, both real and personal." It seems clear that that section was intended to apply to county hospitals having a board of trustees organized under §§ 205.160 to 205.340. It is not clear why the section was at first designated as § 205.372 and later changed to § 205.374, which placed it in the sections relating to other county hospitals under § 205.350, RSMo, et seq. Apparently that section, however, pertains only to the sale of the county hospital itself, including real and personal property and not to parts or segments of what is known as county hospital grounds.
We have set out the numerous opinions described above in order that you may have the full benefit of our views on the subject about which you inquire.
We understand that the land was acquired by gift from private persons in the approximate amount of 10 acres for the county hospital; that the parcel in question is approximately 200' x 200', that there are no deed restrictions regarding the sale or lease, and that there are no buildings on the parcel. We also understand that the title to the land is in the county court. As a consequence, we believe that the county court may, with the approval of the Board of Trustees, sell or lease the land within certain limitations, as expressed in the enclosed opinions. We do not believe that § 205.374 was intended to limit the authority of the county court to make sales of what is properly county property. We believe that § 205.374 was only intended to establish and make certain the procedure for the board of trustees and the judges of the county court to sell all of the county hospital property. In other words, we do not believe that such statute was intended to limit the authority the county court had prior to the enactment of the statute.
In addition, we wish to point out with respect to your first question that, as our enclosed opinions indicate, a lease (or a sale) of such surplus property could only be made on the basis that the property is surplus and not needed by the county or the county hospital and must be for actual value and not for a nominal consideration.
We believe that your second question asking whether the Board of Trustees may construct a medical clinic and lease it to a not-for-profit professional corporation is answered by the opinions which we have enclosed. Clearly there is no such authority.
We believe we have already answered your third question asking whether the Board of Trustees may sell excess lands on which the hospital is located to a not-for-profit professional medical corporation for the construction of a medical clinic. That is, there is authority for the county court to sell excess land but not to favor any such corporation insofar as the terms and conditions of the sale are concerned.
Finally, in light of our enclosed opinions, we do not believe that the county court could accomplish a transfer of the property by sale or lease to such a group by the use of such conditions or restrictions.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures Att'y Gen. Op. No. 224, Graham, 8/20/68 Att'y Gen. Op. No. 169, Maddox, 10/18/78 Att'y Gen. Op. No. 157, Sprick, 8/9/79 Att'y Gen. Op. No. 80, Sprick, 3/25/80 Att'y Gen. Op. No. 1, Adams, 2/28/46 Att'y Gen. Op. No. 92, Volkmer, 7/28/61 Att'y Gen. Op. No. 5, Wessel, 1/12/70